UNITED STATES DISTRICT COURT
DISTRICT COURT OF SAN JOSE, CA

| | |
|---|---|
| **Dhia Y. ALRAWI** )<br>A45 820 742 )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES, Attorney General )<br>of the United States; )<br>MICHAEL CHERTOFF, Secretary, )<br>Department of Homeland Security; )<br>ROSEMARY MELVILLE, Director, )<br>Atlanta Office, U.S. Citizenship and )<br>Immigration Services; )<br>ROBERT DIVINE, Acting Director, )<br>U.S. Citizenship and Immigration Services )<br>      Defendants. )<br>_____ ) | Civil Action No. _____ |

# COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

Plaintiff, Dhia Yassen Alrawi**,** through undersigned counsel, alleges as follows:

### INTRODUCTION

   1.  This is a civil action brought pursuant to 8 U.S.C. § 1447, 28 U.S.C. §1331 and 1361, 5 U.S.C. § 701 and 28 U.S.C. §2201 *et. seq.* to redress the deprivation of rights, privileges and immunities secured to Plaintiff to compel Defendants to perform a duty Defendants owe to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §704.

   2.  This action is brought to compel Defendants and those acting under them to take action on a Form N-400, Application for Naturalization, (hereafter "the Application") in order for Plaintiff to become a Naturalized Citizen of the United States. The Application was filed with the former Immigration and Naturalization Service's Los Angeles District Office on or about July 23, 2003 by Mr. Alrawi**.** Applicant was interviewed by Immigration Service on April 13, 2004 and successfully passed the English language and history and government tests. (See Ex. 1, Form N-652, Naturalization Interview, for proof of successful passage of both tests). To this day, nearly three years after the interview Mr. Alrawi still awaits the decision.  Certainly more than 120 days have passed since the interview in this matter, thus vesting jurisdiction with this court under 8 U.S.C. § 1447.

   3.  Plaintiff is eligible to have his Application adjudicated.

4. Defendants, the Department of Homeland Security and U.S. Citizenship and Immigration Services (USCIS), are charged by law with the statutory obligation to adjudicate this Application.

5. Venue is proper under 28 USC §1391(e) because the Plaintiff resides in this district and no real property is involved in this action.

## FACTS

6. Mr. Alrawi is a native and citizen of Iraq. Mr. Alrawi had received his Permanent Resident Card in 1998, prior to his applying for Naturalization in 2003. Contained under **(Exhibit A)** please see a copy of Mr. Alrawi's Resident Alien Card, front and back.

7. Mr. Alrawi's Permanent Resident Status was granted in October 23, 1998 (See Ex. A), and he became statutorily eligible to file a Form N-400, Application for Naturalization, in October 23, 2001, three years after he was granted his Permanent Resident Status.

8. Mr. Alrawi filed his Form N-400, Application for Naturalization, with the former Immigration and Naturalization Service's Los Angeles District Office on or about July 23, 2003.

9. Mr. Alrawi was interviewed by the Immigration Service on April 13, 2004 and successfully passed the English language and history and government tests. Please refer to **(Exhibit. B)** for Form N-652, Naturalization Interview, for proof of successful passage of both tests). To this day, nearly three years after the interview, Mr. Alrawi still awaits the decision on her application for Naturalization.

10. Los Angeles District office of the Citizenship & Immigration Services is currently processing Forms N-400 filed on May 14, 2006. Mr. Alrawi's application was filed in July of 23, 2003 and, therefore, its processing is significantly overdue. Please see **(Exhibit C)** for the Los Angeles district office processing time report.

11. Mr. Alrawi has inquired about his Application a number of times, but the Service has neither provided a reason for the delay, nor adjudicated the Application. Please see **(Exhibit D)** for a copy of one of the inquiries sent by Mr. Alrawi.

## CLAIMS

12. Defendants willfully and unreasonably have delayed in and have refused to adjudicate the Application, thereby depriving the Plaintiff of the benefit of becoming a Naturalized U.S. Citizen.

13. Defendants owe Plaintiff a duty to adjudicate the Petition and have unreasonably failed to perform that duty.

14. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

1. Assume jurisdiction over the case and naturalize the Plaintiff under the terms of 8 USC 1447(b); or
2. Compel Defendants and those acting under them to perform their duty to adjudicate the Petition; and
3. Grant such other and further relief as this Court deems proper under the circumstances; and
4. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 10th day of April, 2007.

Dated: April 10, 2007

LAW OFFICES OF KATE L. RAYNOR, P.C

By:_____

Kate L. Raynor, Esq.

Attorney for Plaintiff

### PROOF OF SERVICE BY MAIL – OFFICE DEPOSIT [CCP 1013(a) (3)]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California, I am over the age of 18 years, and not a party to the within action; my business address is 15720 Ventura Blvd, Suite 312, Encino, CA 91436.

     I am readily familiar with my employer's business practice for collection and processing of correspondence by mailing with the United States Postal Service.

     On April 10, 2007, following ordinary business practice, I served the within Complaint for Writ of Mandamus on the party or parties named below, by placing the original or a true and correct copy thereof in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited in the Untied States Postal Service that same day in the ordinary course of business, addressed as follows:

U.S. Citizenship and Immigration Services
P.O. Box 5208
El Monte, CA 91734

And

U.S. Immigration and Naturalization Service
California Service Center
24000 Avila Road
Laguna Niguel, CA 92677

I declare under penalty of perjury under the laws of the State of California that the foregoing Proof of Service is true and correct and that this declaration was executed on April 10, 2007 at Encino, California.

                              By:_____
                                  Gil Ramos Mata III
                                  Law Offices of Kate L. Raynor